This is a suit for workmen's compensation wherein plaintiff alleges that on September 26, 1938, he was in the employ of defendant as a carpenter at a weekly wage of $41.60, and that, in the course of his employment, he was carrying a bundle of lumber when suddenly he tripped on a wire on the ground and fell on his arm and side and the bundle of lumber or part of it fell on him; that as a result of the accident he suffered injuries which have disabled him permanently from doing manual labor, the type of work for which he is fitted and trained. He prays for compensation at the rate of 65% of his weekly wage, that is, $27.04 per week for a period of 300 weeks, plus $250 for medical expenses.
The defendant, in its answer, admits the employment of plaintiff as alleged, and admits that plaintiff suffered a fall on the date alleged; but denies that any lumber fell on plaintiff or that plaintiff suffered anything but slight injury, or that he was in any way disabled as a result of the accident. Defendant also denies that plaintiff is entitled to compensation at the rate of $27.04, if he is disabled, correctly averring that the maximum amount provided by the act is $20 per week.
On trial of the case, the district court concluded that the plaintiff had failed to prove to a legal certainty that he had received a compensable injury in his accident, and dismissed his suit. Plaintiff has appealed.
Since plaintiff's employment and rate of pay and the fact that he sustained a fall on September 26, 1938, while in the performance of his duties, are admitted, the only question involved in the case is whether or not he has proved to a legal certainty that he sustained any disabling injury as a result of the accident. And since the finding of the trial court on that question is adverse to plaintiff, our sole duty on appeal is to consider whether or not the lower court committed any manifest error in such finding of fact. In so far as the law is concerned, if the plaintiff suffered a disability he is entitled to compensation at the maximum rate of $20 per week, instead of $27.04 as prayed for, for *West Page 583 
a period of not to exceed 400 weeks, instead of 300 weeks as set forth in his petition, and medical expenses up to $250.
Reviewing the transcript we find that on the day of the accident plaintiff reported to defendant's plant physician stating that he had hurt his arm and shoulder. The plant physician testified that he found no objective symptoms of injury to plaintiff's arm or shoulder, and that his only treatment or prescription was some liniment with which to rub the shoulder. It is significant to note that plaintiff, at that time, right after the accident, did not complain to the physician of any injury or pain in his back, while his claim is based almost entirely, if not entirely, on injury to his back. It does not appear that he complained of his alleged back injury until several months after the accident. In fact, he continued to work without complaint until October 4th, a little over a week after his fall, when he reported to the plant hospital because of feeling ill and at which time the doctor found that he was suffering with a high fever caused by la grippe or influenza. It appears that he then went home to recuperate from his "flu" and on October 17th, about two weeks later, resumed his work and worked until October 26th, when he again reported to the plant physician who found that plaintiff was then suffering from a kidney infection and who advised plaintiff to see his family physician.
Up to this time, that is, from September 26th, 1938, the date of the accident, to October 24th, 1938, plaintiff was paid his full wages, and for thirteen weeks thereafter he was paid $25 per week under some insurance plan operated by the defendant company for its employees, covering non-occupational diseases. Plaintiff's physician, Dr. Pipes, in filling out a medical report to the defendant company, reported that plaintiff was suffering from pyelitis, and infection of the kidneys, prostatitis, an infection of the prostate gland, and alveolar infection, an infection of the socket of the tooth. It is apparent that at that time it was known by the employee, employer and the insurer that plaintiff was totally disabled by a non-occupational disease or diseases.
The plaintiff was under the treatment of Dr. Pipes from the latter part of October, 1938, until the trial, December 7, 1939, and it was not until some time in February, 1939, that plaintiff began to complain of pain in the upper part of his back, just below his right shoulder blade. It is significant that while Dr. Pipes treated plaintiff for more than three months for disabling illness, and, on his recommendation, to alleviate the illness four of plaintiff's teeth were extracted, yet during all this time plaintiff's disability was not attributed to the alleged back injury now relied upon to prove his claim for compensation.
Nevertheless, Dr. Pipes' testimony is to the effect that plaintiff's kidney trouble and prostatitis had cleared up completely in the spring of 1939, but that plaintiff complained of pain in his back, especially when raising up after stooping, and that upon application of pressure between the sixth and seventh dorsal vertebrae plaintiff would flinch with pain. This physician expressed the opinion that the pain in plaintiff's back is caused from injuries to the muscles, tendons and nerves in that region, and he does not think that plaintiff can engage in manual labor for a full day, nor can he say when he will be able to do so.
Plaintiff's case rests almost wholly, if not wholly, on his own testimony, supported by the medical testimony of his physician, Dr. Pipes. We feel that Dr. Pipes has given his opinion of plaintiff's injury in good faith, yet that opinion is based almost entirely on subjective symptoms, and is not convincing for that reason and for the further reason that three other physicians testified that they had examined plaintiff during 1939 and that they found nothing wrong with plaintiff's back and nothing to cause pain, and that in their opinion plaintiff was able to do manual labor.
As far as plaintiff's testimony with reference to his alleged back injury is concerned, we are not impressed, for the reason that, as set forth above, he remained silent for several months subsequent to his fall before complaining of a back injury, and for the further reason that while his accident occurred in the presence of one or more employees, he fails to introduce any testimony in corroboration of his testimony as to the accident itself. The basis of his claim would be more convincing if he had seen fit to support his statement, that lumber fell on him when he fell, by the testimony of a co-employee who saw the accident. Even then, however, in view of his medical history and the preponderance of the medical testimony, we could not conclude that the trial court erred *West Page 584 
in finding that plaintiff has failed to prove, to a legal certainty, that he sustained the injury on which he predicates his claim or any other compensable injury.
The judgment is affirmed.