931 So.2d 358 (2006)
Jason William HAMILTON and Catherine Hamilton
v.
Carey E. WINDER, M.D. and The Orthopedic Clinic, Inc. (A Professional Medical Corporation).
No. 2006-C-0994.
Supreme Court of Louisiana.
June 16, 2006.
PER CURIAM.
Finding that the court of appeal erred in vacating the district court's judgment and remanding this matter for new trial, we grant this writ to reinstate the district court's judgment.
In the present case, the court of appeal found the district court summarily erred in removing Mr. Veal as a juror without first determining his unavailability, reasoning no attempt was made to contact Mr. Veal to determine his unavailability to serve as a juror, nor was there any information that Mr. Veal was unavailable to serve. The court of appeal's opinion, however, failed to appreciate the district court's discretionary power under La.Code Civ. Proc. art. 1631(A) to control the proceedings. La. Code Civ. Proc. art. 1631(A) provides:
The court has the power to require that the proceedings shall be conducted with dignity and in an orderly and expeditious manner, and to control the proceedings at the trial, so that justice is done.
As to the disqualification of Mr. Veal, the district court reasoned:
Good morning. It's now ten minutes after 9:00. We were supposed to start at 9 o'clock. Mr. Veal is Juror Number 305, sitting in position No. 6. He is not *359 present. Mr. Veal has been late for every break we have taken. He has not been on time once coming back. I admonished him yesterday in private. I told him he needed to be on time. We needed to be able to start, because he was keeping everybody waiting. All the rest of the jurors are here. Everything is ready to go. I'm going to bump Mr. Veal, and use the alternate, Ms. Johnson, as our twelfth juror. If we lose somebody after this, we'll have to see whether there's agreement on 11 or if a mistrial.
* * *
Clarification concerning [Ps' counsel's] last concern that the jury might get the idea that if they just don't show up, they'll be shipped off the jury and go home. Mr. Veals [sic] has been here all day. He's still here. He didn't arrive until after 9:30 this morning. We didn't put it on the record. What we had discussed about before, but I do want it on the record. That I came in at 9 o'clock and informed counsel that we were still waiting on Mr. Veal. I came in at five after 9:00 and informed counsel that Mr. Veal was not here, and if he didn't show up in five minutes, we were going to bump him and go with the alternate. That was because this case appears to beis going to go longer than the four days that it was scheduled, and I'm trying to move it along within the time I was told by counsel that it could be done. Mr. Veals [sic] had shown a tendency not to be on time, and known to have been late after every break we had taken. He had not called our office to say he was running lately [sic] or why he was running late, as jury management instructs the jurors to do, and that was the reason he was excused.. . .
It is apparent from his reasons the court anticipated the trial would take longer than the four days for which it was scheduled, and after having admonished Mr. Veal the previous day for his tardiness after every break, the court decided in its discretion to remove the juror to help "move [the trial] along within the time" scheduled. The trial judge made a record of his decision to remove the juror and recited on the record his reasons for the juror's disqualification. We find the district court's action falls clearly within its discretion to control the proceedings at trial.
Moreover, as to the plaintiff's argument that civil litigants are entitled to have their dispute tried by the jury they selected, we have no indication the alternate was not a juror selected by the parties.
Accordingly, the court of appeal decision vacating the district court's judgment and remanding this matter for new trial is reversed. The judgment of the district court excusing Mr. Veal as juror is reinstated, and this matter is remanded to the court of appeal for consideration of the remaining assignments of error.