# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 11-1425


**STATE OF LOUISIANA**

**VERSUS**

**KENNETH G. BILLINGSLEY**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 31468-10
HONORABLE DAVID KENT SAVOIE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## SHANNON J. GREMILLION
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of J. David Painter, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.


**SENTENCE VACATED; REMANDED FOR RESENTENCING.**

**John Foster DeRosier, District Attorney**
**Fourteenth Judicial District**
**P. O. Box 3206**
**Lake Charles, LA 70602-3206**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Carla Sue Sigler**
**Assistant District Attorney**
**P. O. Box 3206**
**Lake Charles, LA 70602**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Edward Kelly Bauman**
**Louisiana Appellate Project**
**P. O. Box 1641**
**Lake Charles, LA 70602-1641**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Kenneth G. Billingsley**

**GREMILLION, Judge.**

A jury found that Defendant, Kenneth G. Billingsley, committed an armed robbery with the use of a firearm. Defendant challenged his conviction in this court, assigning multiple errors. We affirmed. *See State v. Billingsley,* 11-790 (La.App. 3 Cir. __/__/__), __ So.3d __.

Thereafter, Defendant was adjudicated a second felony offender pursuant to La.R.S. 15:529.1, and he was sentenced to seventy-five years imprisonment without the benefit of probation, parole, or suspension of sentence, to be served consecutively to a seven-year sentence on a probation violation.

On appeal, Defendant raises one assignment of error regarding his sentence. He alleges that the sentence was excessive. However, we find that the sentence must be vacated and the matter remanded to the trial court for resentencing. Accordingly, the assignment of error in this case is moot.

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, there is one error patent regarding the habitual offender sentence.

The trial court imposed an indeterminate sentence. Defendant was convicted of armed robbery with use of a firearm, violations of La.R.S. 14:64 and 14:64.3. Following a habitual offender hearing, the trial court found Defendant to be a second felony offender. The trial court sentenced him to seventy-five years at hard labor without the benefit of probation, parole, or suspension of sentence. Louisiana Revised Statute Article 14:64.3 provides in pertinent part:

> A. When the dangerous weapon used in the commission of the crime of armed robbery is a firearm, the offender shall be imprisoned at hard labor for an additional period of five years without benefit of parole, probation, or suspension of sentence. The additional penalty imposed pursuant to this Subsection shall be served consecutively to the sentence imposed under the provisions of R.S. 14:64.

In *State v. King*, 06-1903 (La. 10/16/07), 969 So.2d 1228, the supreme court held that a defendant convicted of armed robbery and sentenced under the habitual offender law can be sentenced to an additional five years under La.R.S. 14:64.3 when the dangerous weapon used in commission of the armed robbery is a firearm.

In *State v. McGinnis,* 07-1419 (La.App. 3 Cir. 4/30/08), 981 So.2d 881, the defendant was charged with armed robbery with a firearm, violations of La.R.S. 14:64 and 14:64.3, and convicted as charged. The trial court adjudicated the defendant a second felony offender on the charge of armed robbery with a firearm and sentenced him to serve fifty years at hard labor. On error patent review, this court held in pertinent part:

> This court finds that the absence of a specification that the Defendant's habitual offender sentence included an enhanced term of imprisonment under La.R.S. 14:64.3 renders this sentence indeterminate. Therefore, this court hereby vacates the habitual offender sentence and remands for resentencing in accordance with La.R.S. 15:529.1 and 14:64.3. The trial court should clearly set forth the portion of the sentence enhanced under La. R.S. 14:64.3.

*Id*. at 889.

In this case, Defendant was convicted of armed robbery with use of a firearm. The trial court failed to impose a separate five-year sentence to run consecutively to the habitual offender sentence, rendering Defendant's sentence indeterminate.[1]

**DECREE**

Defendant's habitual offender sentence imposed for the conviction of armed robbery with the use of a firearm is vacated, and the matter is remanded to the trial court for resentencing in accordance with La.R.S. 15:529.1 and 14:64.3. The trial

---

[1]At the sentencing proceeding, it appears the State incorrectly informed the trial court that the five years under La.R.S. 14:64.3 should not be added because the sentence was being enhanced under La.R.S. 15:529.1.

2

court must clearly set forth the portion of the sentence enhanced under La.R.S. 14:64.3.

**SENTENCE VACATED; REMANDED FOR RESENTENCING.**

3