# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 19-151

**STATE OF LOUISIANA**

**VERSUS**

**JOHNNIE PAUL HARDMAN, JR.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 14776-17
HONORABLE CLAYTON DAVIS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**JOHN D. SAUNDERS
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Phyllis M. Keaty, and Jonathan W. Perry, Judges.

**CONVICTIONS AFFIRMED, CASE REMANDED FOR RESENTENCING, WITH INSTRUCTIONS.**

**John F. DeRosier**
**District Attorney**
**Fourteenth Judicial District**
**Karen C. McLellan**
**Elizabeth B. Hollins**
**Assistant District Attorneys**
**901 Lakeshore Drive, Suite 800**
**Lake Charles, LA 70601**
**(337) 437-3400**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **State of Louisiana**

**Edward K. Bauman**
**Louisiana Appellate Project**
**P. O. Box 1641**
**Lake Charles, LA 70602**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Johnnie Paul Hardman, Jr.**

**SAUNDERS, Judge.**

On August 3, 2017, Defendant, Johnnie Paul Hardman, Jr., was charged by bill of indictment with one count of armed robbery with a firearm, in violation of La.R.S. 14:64 and 14:64.3; two counts of conspiracy to commit armed robbery with a firearm, in violation of La.R.S. 14:26, 14:64, and 14:64.3; and one count of first degree murder, in violation of La.R.S. 14:30(A)(1). On May 24, 2018, a jury found Defendant guilty as charged on all counts.

On July 25, 2018, Defendant was sentenced to ninety-nine years at hard labor on the armed robbery conviction plus five years on the firearm enhancement, thirty years at hard labor for each conspiracy conviction, and life imprisonment without benefit of parole, probation, or suspension of sentence for the first degree murder conviction. The trial court ordered all of Defendant's sentences to be run consecutively.

Defendant now appeals his convictions, asserting two trial court errors related to jury composition. Defendant contends the trial court erred in denying his challenges for cause of Kaley Willis and Torin Washington and in replacing juror Elijah Washington with alternate juror Christine Granger (We will address jurors Torin Washington and Elijah Washington by their first names to avoid confusion).

## FACTS:

The bill of indictment charges that on July 22, 2017, Defendant, his companion Mr. Desmond Orphey, and a juvenile with the initials D.I., robbed Mr. Clinton Curtice while Defendant held him at gunpoint at the 12 Palms R.V. Park in Lake Charles, Louisiana. They then confronted Mr. Joshua Touchet at which time Defendant shot Mr. Touchet during an attempted armed robbery.

## ERRORS PATENT:

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find two errors patent that we must address concerning the sentences imposed.

First, the trial court failed to impose Defendant's sentence for first degree murder at hard labor even though a hard labor sentence is required by La.R.S. 14:30(C)(2). Thus, the sentence is illegally lenient. *See State v. Perkins*, 13-245 (La.App. 3 Cir. 11/6/13), 124 So.3d 605. Although the authority to correct an illegally lenient sentence is granted and discretionary under La.Code Crim.P. art. 882, we choose to take no action because an illegally lenient sentence was not raised as an error.

Next, the trial court erroneously imposed indeterminate sentences for armed robbery with a firearm (104 years) and for each count of conspiracy to commit armed robbery with a firearm (30 years on each). Although the court minutes indicate the trial court imposed "ninety-nine (99) years in the custody of the Louisiana Department of Corrections, without benefit of probation, parole or suspension of sentence, to include an additional five (5) years on the firearm enhancement, for a total of one hundred-four (104) years," for Defendant's conviction of armed robbery with a firearm, the sentencing transcript reflects that the court imposed 104 years "without benefit." "[W]hen the minutes and the transcript conflict, the transcript prevails." *State v. Wommack*, 00-137, p. 4 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, 369, *writ denied*, 00-2051 (La. 9/21/01), 797 So.2d 62.

Immediately before the 104-year sentence was imposed by the trial court, the prosecutor stated:

> - - and up to 99 on the robbery - - armed robbery with a firearm, but the enhancement statute which we charged it in the bill of information, requires five additional years to be added to whatever you impose on the underlying robberies, so. So I guess it's technically up to 104 on the armed robbery.

2

Although the prosecutor's comments shed light on how the trial court arrived at a 104-year sentence, the trial court did not specify what portion of Defendant's 104-year sentence was imposed under La.R.S. 14:64.3. In *State v. Bartie*, 12-673, pp. 7-9 (La.App. 3 Cir. 12/5/12), 104 So.3d 735, 740-41, *writ denied*, 13-39 (La. 8/30/13), 120 So.3d 256, this court stated:

> The trial court imposed indeterminate sentences for the armed robbery with use of a firearm convictions. The state charged the defendant with armed robbery with a firearm, citing La.R.S. 14:64.3. The jury convicted the defendant of armed robbery with a firearm. At the sentencing hearing, the trial court asked the state, "Give me the range of sentencing that's available to me on the armed robbery with a firearm." The state responded, "[N]ot less than ten nor more than ninety-nine years, Your Honor."
>
> Louisiana Revised Statutes 14:64 provides a penalty of ten to ninety-nine years without the benefit of probation, parole, or suspension of sentence. Louisiana Revised Statutes 14:64.3(A) provides:
>
>> When the dangerous weapon used in the commission of the crime of armed robbery is a firearm, the offender shall be imprisoned at hard labor for an additional period of five years without benefit of parole, probation, or suspension of sentence. The additional penalty imposed pursuant to this Subsection shall be served consecutively to the sentence imposed under the provisions of R.S. 14:64.
>
> The state failed to inform the trial court of the enhancement penalty. The trial court sentenced the defendant to fifty years on each count. The record indicates it was the intent of the trial court to sentence the defendant for the penalties of armed robbery with a firearm, violations of La.R.S. 14:64 and 14:64.3. In *State v. White*, 42,725 (La.App. 2 Cir. 10/24/07), 968 So.2d 901, the defendant was convicted of two counts of armed robbery with a firearm and sentenced to thirty years at hard labor without benefit of parole, probation, or suspension of sentence on each count to run concurrently. On error patent review, the court noted that the trial court did not specify what portion, if any, of the defendant's thirty-five year hard labor sentence without benefits was imposed under La.R.S. 14:64.3. The court found that the absence of a specification that the defendant's sentences included a term under La.R.S. 14:64.3 rendered the defendant's sentence indeterminate. The court vacated the sentences and remand[ed] for resentencing according to law for clarification of whether the defendant's sentences included any additional punishment

3

under La.R.S. 14:64.3. *Id.* *See also, State v. Billingsley*, 11-1425 (La.App. 3 Cir. 3/14/12), 86 So.3d 872.

Accordingly, in this case, we vacate the sentences imposed on the convictions of the armed robbery with a firearm and remand to the trial court for resentencing in accordance with La.R.S. 14:64 and 14:64.3. The trial court should clearly set forth the portion of the sentence enhanced under La.R.S. 14:64.3.

Thus, we vacate Defendant's 104-year sentence for armed robbery with a firearm and remand the case to the trial court for resentencing in accordance with La.R.S. 14:64 and 14:64.3. Likewise, because the trial court did not specify what portion of each of Defendant's thirty-year sentences for conspiracy to commit armed robbery with a firearm was imposed under La.R.S. 14:64.3, those two sentences are also vacated and the trial court is ordered to resentence Defendant for those offenses.

At sentencing, the court informed Defendant that he has "two years from the date of this conviction to file your application for post-conviction relief." Louisiana Code of Criminal Procedure Article 930.8(A) provides the defendant has *two years after the conviction and sentence become final* to seek post-conviction relief. Accordingly, we direct the trial court to correctly inform the Defendant of the provisions of La.Code Crim.P. art. 930.8(A) at resentencing.

## ASSIGNMENT OF ERROR NUMBER ONE:

In his first assignment of error, Defendant contends the trial court erred in denying his challenges for cause of two potential jurors: Kaley Willis and Torin Washington. Defendant contends that both potential jurors should have been removed for cause and that all he needs to show to prove reversible error is the trial court erred and he used all of his peremptory challenges. The State contends Defendant is precluded from arguing this claim because he failed to raise a contemporaneous objection to the denial of his challenge for cause as required by La.Code Crim.P. art. 800(A). The language of La.Code Crim.P. art. 800(A) is clear,

4

"A defendant may not assign as error a ruling refusing to sustain a challenge for cause made by him, unless an objection thereto is made at the time of the ruling. The nature of the objection and grounds therefor shall be stated at the time of objection."

Defendant did not object to the denial of either for cause challenge he is now contesting. Thus, Defendant cannot appeal the trial court's denial of his challenge for Ms. Willis and Mr. Washington. Accordingly, Defendant's first assignment of error lacks merit.

**ASSIGNMENT OF ERROR NUMBER TWO:**

In his second assignment of error, Defendant contends the trial court erred in replacing juror Elijah Washington with first alternate Christine Granger when Mr. Elijah failed to appear in court at the designated start time. On May 23, 2018, the trial court called Mr. Elijah Washington and Ms. Kelli Cormier aside prior to taking its morning recess, with the transcript noting "**OFF THE RECORD DISCUSSION WITH TWO JURORS**."

On May 24, 2018, the trial court seated the jury and asked if anyone had seen Mr. Elijah that morning. The trial court subsequently asked Ms. Granger, the first alternate, to move into Mr. Elijah's seat. Immediately thereafter, the State rested its case and defense counsel announced he would not be putting on any evidence. Following closing arguments, the trial court stated the following outside the presence of the jury after the State noted Mr. Elijah was not present:

> Well, my -- I was told that he was pulling up right after I placed Ms. Granger in his spot. So, he eventually got here; but he wasn't here on time. And he was also not here on time yesterday. And I specifically pulled him and Ms. Cormier aside yesterday to make sure they understood that 9:00 o'clock meant 9:00 o'clock. And, so, he was not in the courtroom when everyone else was and we waited almost 10 minutes and then I excused him by placing Ms. Granger in his seat.

Defense counsel then objected to the replacement of Mr. Elijah with Ms. Granger. In response to defense counsel's objection and statement that court started at 9:04, not 9:00, that morning, the trial court stated:

> Well, I'm going by the time on the clock on the wall. And, again, with an individual who was reprimanded by me yesterday for being late when we started the day yesterday at 9:00 o'clock and he repeats that behavior, to me, it's not really germane how late he is. He's late. And we owe it to the process and to the jurors and everyone involved to finish this important event as scheduled. And the schedule was 9:00 o'clock. And, so, the degree doesn't weigh in, in my opinion.

Under La.Code Crim.P. art. 789(A):

> The court may direct that not more than six jurors in addition to the regular panel be called and impaneled to sit as alternate jurors. Alternate jurors, in the order in which they are called, shall replace jurors who become unable to perform or disqualified from performing their duties. Alternate jurors shall be drawn in the same manner, shall have the same qualifications, shall be subject to the same examination and challenges for cause, shall take the same oath, and shall have the same functions, powers, facilities, and privileges as the principal jurors. If the court determines that alternate jurors are desirable in the case, the court shall determine the number to be chosen. The regular peremptory challenges allowed by law shall not be used against the alternate jurors. The court shall determine how many additional peremptory challenges shall be allowed, and each defendant shall have an equal number of such challenges. The state shall have as many peremptory challenges as the defense. The additional peremptory challenges may be used only against alternate jurors. Except in capital cases, an alternate juror who does not replace a principal juror may be discharged when the jury retires to consider its verdict.

Defendant contends "Ms. Granger was not a juror selected by defense counsel." As specifically laid out above, Ms. Granger was subjected to all of the same requirements, including examination by counsel, as Mr. Elijah prior to being selected as an alternate juror. Defendant's claim she was not selected is factually incorrect.

Both Defendant and the State cite *Hamilton v. Winder*, 06-994 (La. 6/16/06), 931 So.2d 358, in support of their respective arguments. In *Hamilton*, after the first circuit ruled the trial court erred in replacing a juror who was consistently late and

6

had already been admonished by the court with an alternate juror, the supreme court reversed, noting the trial court had discretionary authority under La.Code Civ.P. art. 1631(A), which states "The court has the power to require that the proceedings shall be conducted with dignity and in an orderly and expeditious manner, and to control the proceedings at the trial, so that justice is done." We note that under La.Code Crim.P. art. 17, a court "has the duty to require that criminal proceedings shall be conducted with dignity and in an orderly and expeditious manner and to so control the proceedings that justice is done."

The *Hamilton* court quoted the following excerpt of language from the trial court:

> Good morning. It's now ten minutes after 9:00. We were supposed to start at 9 o'clock. Mr. Veal is Juror Number 305, sitting in position No. 6. He is not present. Mr. Veal has been late for every break we have taken. He has not been on time once coming back. I admonished him yesterday in private. I told him he needed to be on time. We needed to be able to start, because he was keeping everybody waiting. All the rest of the jurors are here. Everything is ready to go. I'm going to bump Mr. Veal, and use the alternate, Ms. Johnson, as our twelfth juror. If we lose somebody after this, we'll have to see whether there's agreement on 11 or if—a mistrial.

*Hamilton*, 931 So.2d at 358-59.

The trial court in *Hamilton* also subsequently noted that Mr. Veal had arrived at the courthouse after being removed. Given the virtually identical language of La.Code Civ.P. art. 1631(A) and La.Code Crim.P. art. 17, we find that the trial court's discretionary authority to ensure criminal proceedings are conducted in "an orderly and expeditious manner" includes the authority to remove a juror for repeated tardiness. Further, as the juror situation in *Hamilton* is significantly similar to the case *sub judice*, we cannot say the trial court abused its discretion in removing Mr. Elijah after he was sternly advised by the court not to be late on the second day of trial then was late again that second day. As Defendant has provided no

jurisprudential support for his contention that it was an error to replace a repeatedly tardy juror with a properly chosen alternate, we find that this assignment of error lacks merit.

**DECREE:**

Defendant's convictions and his sentence for first degree murder are affirmed. Defendant's sentence for armed robbery with a firearm and his sentences for each count of conspiracy to commit armed robbery with a firearm are vacated and the case is remanded for resentencing. Additionally, this court instructs the trial court to correctly inform the Defendant of the provisions of La.Code Crim.P. art. 930.8 at resentencing.

**CONVICTIONS AFFIRMED, CASE REMANDED FOR RESENTENCING, WITH INSTRUCTIONS.**