NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 19-252

STATE OF LOUISIANA

VERSUS

BOBBY NEE THOMAS

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 21369-17
HONORABLE CLAYTON DAVIS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**JOHN E. CONERY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Billy Howard Ezell, and John E. Conery, Judges.

**CONVICTIONS AFFIRMED;**
**SENTENCES VACATED; REMANDED FOR RESENTENCING**

**John Foster DeRosier**
**District Attorney**
**Karen C. McLellan**
**Assistant District Attorney**
**14th Judicial District**
**Post Office Box 3206**
**Lake Charles, Louisiana 70602-3206**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Elizabeth Brooks Hollins**
**Assistant District Attorney**
**14th Judicial District**
**901 Lakeshore Drive, Suite 800**
**Lake Charles, Louisiana  70601**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Edward Kelly Bauman**
**Louisiana Appellate Project**
**Post Office Box 1641**
**Lake Charles, Louisiana  70602-1641**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Bobby Nee Thomas**

**Bobby Nee Thomas, In Proper Person**
**David Wade Correctional Center – H1A**
**670 Bell Hill Road**
**Homer, Louisiana  71040**

**CONERY, Judge.**

Defendant, Bobby Nee Thomas, appeals his conviction for a single count of armed robbery with a firearm and two counts of aggravated assault with a firearm. Following review, we affirm Defendant's convictions, vacate the sentences imposed as indeterminate, and remand for resentencing.

### FACTS AND PROCEDURAL HISTORY

The events underlying this appeal involve an armed robbery at a Dollar General Store in Lake Charles on November 15, 2017. The store's assistant manager, Pamela Lee, reported to police that Defendant entered the store and demanded money while armed with a gun. She alleged that he took money from her hand, pointed the weapon at another employee as well as a customer, and left the store. Ms. Lee was able to identify Defendant as the perpetrator by name. Defendant was apprehended shortly thereafter.

On December 13, 2017, the State charged Defendant by bill of information with one count of armed robbery with a firearm, a violation of La.R.S. 14:64 and 14:64.3, and one count of aggravated assault with a firearm, a violation of La.R.S. 14:37.4. It filed an amended bill of information on August 27, 2018 to charge Defendant with a third count of aggravated assault with a firearm, a violation of La.R.S. 14:37.4. The State also changed the name of the victim of the armed robbery.

On September 11, 2018, a unanimous jury found Defendant guilty of all three counts. Defendant filed a Motion for New Trial, which was set for hearing on October 17, 2018. At the scheduled hearing, the trial court denied the motion and then imposed a twenty-year sentence without benefit of probation, parole, or suspension of sentence for armed robbery with a firearm and imposed five-year sentences on each count of aggravated assault with a firearm. The trial court ordered

that the sentences run concurrently. Defendant thereafter filed a Motion to Reconsider Sentence alleging the excessiveness of the sentences, which the trial court denied.

Defendant appeals, assigning the following as error:

I.   The trial court erred in denying defense counsel's Motion for New Trial and then imposing sentence without observing the twenty-four hour delay mandated by La.Code Crim.P. art. 873.

II.  The trial court erred in imposing constitutionally excessive sentences and in failing to comply with La.Code Crim.P. art. 894.1.

## LAW AND DISCUSSION

### *Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After review, we find two errors patent, including one that requires Defendant's sentences be vacated.

First, the original bill of information charged Defendant with one count of armed robbery with a firearm, a violation of La.R.S. 14:64 and La.R.S. 14:64.3, and one count of aggravated assault with a firearm, a violation of La.R.S. 14:37.4. The amended bill, however, charged Defendant with one count of armed robbery with a firearm, a violation of La.R.S. 14:64.3, and two counts of aggravated assault with a firearm, a violation of La.R.S. 14:37.4. Thus, the amended bill failed to cite La.R.S. 14:64 with regard to the charge of armed robbery with a firearm.

Louisiana Code of Criminal Procedure Article 464 provides:

The indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged. It shall state for each count the official or customary citation of the statute which the defendant is alleged to have violated. Error in the citation or its omission shall not be ground for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice.

2

Nevertheless, Defendant does not allege prejudice due to the omission of La.R.S. 14:64 from the amended bill of information. Any error is therefore harmless and does not require correction by this court. *See State v. Allen,* 09-1281 (La.App. 3 Cir. 5/5/10), 36 So.3d 1091.

Further review indicates that the trial court imposed an indeterminate sentence for armed robbery with a firearm. Louisiana Revised Statutes 14:64 provides for a penalty of ten to ninety-nine years without the benefit of probation, parole, or suspension of sentence for armed robbery. Louisiana Revised Statutes 14:64.3 requires the imposition of an additional five years at hard labor without benefit of parole, probation or suspension of sentence for an armed robbery committed with a firearm. The additional five-year sentence is to be served consecutively to the sentence imposed for armed robbery. *See* La.R.S. 14:64.3(A). Defendant was sentenced to serve twenty years without benefit with no indication of whether that included the additional five years required by La.R.S. 14:64.3 as follows: "I'm going to sentence him to 20 years without benefit on the armed robbery with a firearm, and five years on each count of the aggravated assault. So, five years on each count."

This court recently addressed this error patent in *State v. Roberts*, 18-832, pp. 2-3 (La.App. 3 Cir. 5/1/19), 270 So.3d 747, 749:

> Louisiana Revised Statutes 14:64 provides a sentence of ten to ninety-nine years without the benefit of parole, probation, or suspension of sentence. Louisiana Revised Statutes 14:64.3 requires the imposition of an additional five years at hard labor without the benefit of parole, probation, or suspension of sentence to be served consecutively to the sentence imposed under La.R.S. 14:64 (and 14:27 for attempted armed robbery).
>
> For each conviction, the defendant was sentenced to serve thirty years at hard labor with no indication of whether that included the additional five years required by La.R.S. 14:64.3. In *State v. White*,

3

42,725 (La.App. 2 Cir. 10/24/07), 968 So.2d 901, the defendant was convicted of two counts of armed robbery with a firearm and sentenced to thirty-five years at hard labor without the benefit of parole, probation, or suspension of sentence on each count to run concurrently. In its error patent review, the court noted that the trial court did not specify what portion, if any, of the defendant's thirty-five year hard labor sentence without benefits was imposed under La.R.S. 14:64.3. The court found that the absence of a specification that the defendant's sentences included a term under La.R.S. 14:64.3 rendered the defendant's sentence indeterminate. The court vacated the sentences and remanded the matter for resentencing for clarification of whether the defendant's sentences included any additional punishment under La.R.S. 14:64.3. *Id. See also State v. Billingsley*, 11-1425 (La.App. 3 Cir. 3/14/12), 86 So.3d 872.

Accordingly, in this matter, we vacate the sentences imposed for the convictions of the armed robbery with a use of a firearm and attempted armed robbery with use of a firearm and remand the case to the trial court for resentencing in accordance with La.R.S. 14:27, 14:64, and 14:64.3. The trial court should clearly set forth the portion of the sentence enhanced under La.R.S. 14:64.3.

Likewise, the sentence imposed in this case for the conviction of armed robbery with use of a firearm must be vacated. We remand the case for resentencing in accordance with La.R.S. 14:64 and 14:64.3 and instruct the trial court to clearly set forth the portion of the sentence enhanced under La.R.S. 14:64.3.

Further, the sentences imposed for the two counts of aggravated assault with a firearm are also indeterminate. The penalty provisions for counts two and three, aggravated assault with a firearm, provide for a fine of not more than $10,000 and/or imprisonment, with or without hard labor, for not more than ten years. *See* La.R.S. 14:37.4. However, the sentencing transcript shows the trial court imposed the sentences without specifying whether they are to be served with or without hard labor. Although the court minutes indicate the trial court ordered that the sentences be served at hard labor, a discrepancy between the minutes and the transcript is resolved in favor of the transcript. *See State v. Jones*, 03-3542 (La. 10/19/04), 884

4

So.2d 582. *See also State v. Washington*, 19-39 (La.App. 3 Cir. 6/5/19), 274 So.3d 98.

Accordingly, we further vacate the sentences imposed for the two convictions of aggravated assault with a firearm as well and remand for resentencing. The trial court is instructed to specify whether the sentences are to be served with or without hard labor. *See*, *e.g.*, *State v. Chehardy*, 12-1337 (La.App. 3 Cir. 5/1/13), 157 So.3d 21; *State v. Mouton*, 12-836 (La.App. 3 Cir. 2/27/13), 129 So.3d 49, *writ denied*, 14-1891 (La. 9/11/15), 176 So.3d 415. *See also* La.Code Crim.P. art. 879.

Defendant's assignments of error further raise potential issues regarding the sentences as imposed. He first alleges that the trial court erred in sentencing him within twenty-four hours of the denial of his Motion for New Trial without obtaining any waiver of the delay from Defendant and also argues that the sentences imposed are excessive. Consideration of both assignments, however, is pretermitted by the resentencing as ordered.

## CONCLUSION

For the foregoing reasons, Defendant's convictions are affirmed. Defendant's sentences are vacated as indeterminate. This matter is remanded for resentencing. For the conviction of armed robbery with the use of a firearm, the trial court is to resentence Defendant in accordance with La.R.S. 14:64 and 14:64.3., setting forth the portion of the sentence enhanced under La.R.S. 14:64.3. For the sentences imposed on the two convictions of aggravated assault with a firearm, the trial court is to resentence Defendant on both counts and specify whether the sentences are to

5

be served with or without hard labor and whether they are to be served concurrently or consecutively.

**CONVICTIONS AFFIRMED;
SENTENCES VACATED; REMANDED FOR RESENTENCING.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Courts of Appeal.